GREGORY M. SCHULMAN, ESQ.
Nevada Bar No. 5766
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Boulevard, Suite 400
Las Vegas, NV 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: gms@thorndal.com

Attorneys for Defendants
GLEIBERMAN PROPERTIES, INC. and
GLEIBERMAN INVESTMENTS, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELANIE JEFFERSON, individually, <br><br> Plaintiff, <br><br> vs. <br><br> GLEIBERMAN PROPERTIES, INC.; GLEIBERMAN INVESTMENTS, INC.; DOES I-X and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | CASE NO. 2:24-cv-02346 <br><br> **DEFENDANTS GLEIBERMAN PROPERTIES, INC. AND GLEIBERMAN INVESTMENTS, INC.'S AMENDED PETITION FOR REMOVAL** |

The Petitioners, GLEIBERMAN PROPERTIES, INC. and GLEIBERMAN INVESTMENTS, INC., by and through their counsel of record, THORNDAL ARMSTRONG, PC, respectfully Petitions the Court for an Order removing the above-entitled action to the United States District Court and alleges as follows:

1. The above-entitled action was commenced against the defendants on November 18, 2024, in the Eighth Judicial District Court for Clark County, Nevada, and is now pending in such Court as Case No. A-24-906310-C. *See* Complaint, attached hereto as ***Exhibit A***.

2. The defendants were served with the Summons and Complaint by service of process on November 25, 2024, making the instant Petition timely. *See* Affidavits of Service, attached hereto as ***Exhibit B***.

3.     Petitioners GLEIBERMAN PROPERTIES, INC. and GLEIBERMAN INVESTMENTS, INC. are the defendants in the above-entitled action brought by plaintiff. There are no other named defendants in this lawsuit.

4.     Petitioner GLEIBERMAN PROPERTIES, INC. and GLEIBERMAN INVESTMENTS, INC. are California corporations with their principal place of business in California. The nerve center for each corporation is located in California.

5.     Plaintiff is a resident of Nevada.

6.     The above action is an action for personal injuries plaintiff alleges she sustained. Based upon the injury allegations plaintiff alleges she sustained in paragraphs 11 through 15 of her complaint, Defendants believe plaintiff is seeking in excess of $75,000 in damages.

7.     There is diversity of citizenship between the plaintiff and defendants, the damages exceed $75,000, and this Court has jurisdiction over the above entitled action pursuant to 28 USC §1332 and 28 USC §1441.

WHEREFORE, Petitioners GLEIBERMAN PROPERTIES, INC. and GLEIBERMAN INVESTMENTS, INC. request the above entitled action be removed from the Eighth Judicial District Court, Clark County, Nevada to this Court.

DATED this 16th day of December, 2024.

THORNDAL ARMSTRONG, PC

_____
Gregory M. Schulman, Esq.
Nevada Bar No. 5766
600 S. Las Vegas Boulevard, Suite 400
Las Vegas, NV 89101-5315

Attorneys for Defendants
GLEIBERMAN PROPERTIES, INC. and
GLEIBERMAN INVESTMENTS, INC.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP Rule 5(b), I hereby certify that I am an employee of the law firm of THORNDAL ARMSTRONG, PC, and that on this 16th day of December, 2024, service of **DEFENDANTS GLEIBERMAN PROPERTIES, INC. AND GLEIBERMAN INVESTMENTS, INC.'S AMENDED PETITION FOR REMOVAL,** I caused to be electronically filed and served a true copy of the attached document upon the following registered filing users pursuant to CM/ECF System set forth in Special Order No. 109 of the United States District Court, District of Nevada and by depositing a true and correct copy of same, enclosed in a sealed envelope upon which first class postage was fully prepaid, in the U.S. Mail in Las Vegas, Nevada, addressed as follows:

| NAME | TEL., FAX & E-MAILS | PARTY REPRESENTING |
|---|---|---|
| Peter M. Angulo, Esq.<br>Joseph R. Smith, Esq.<br>ANGULO LAW GROUP, LLC<br>5545 Mountain Vista Street<br>2nd Floor<br>Las Vegas, Nevada 89120 | Telephone: (702) 384-8000<br>Facsimile: (702) 384-8200 | Plaintiff<br>Melanie Jefferson |

*Bonnie Hastings*
An employee of THORNDAL ARMSTRONG, PC



# EXHIBIT A

Electronically Filed
11/18/2024 3:42 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
JOSEPH R. SMITH, ESQ.
Nevada Bar No. 13961
**ANGULO LAW GROUP, LLC**
5545 Mountain Vista St., 2nd Floor
Las Vegas, Nevada 89120
T: 702.384.8000
F: 702.384.8200
*Attorneys for Plaintiff*

CASE NO: A-24-906310-C
Department 26

## DISTRICT COURT

## CLARK COUNTY, NEVADA

**********

MELANIE JEFFERSON, individually,

Plaintiff,

vs.

GLEIBERMAN PROPERTIES, INC.; GLEIBERMAN INVESTMENTS, INC.; DOES I-X and ROE CORPORATIONS I-X, inclusive.

Defendant(s).

Case No.:
Dept. No.:

<u>COMPLAINT</u>

COMES NOW, Plaintiff MELANIE JEFFERSON (hereinafter "Plaintiff") by and through her attorneys of record with ANGULO LAW GROUP, LLC, and hereby complains and alleges as follows:

### I. GENERAL ALLEGATIONS

1. At all times mentioned herein, Plaintiff was and is a resident of the State of Nevada, County of Clark.

2. At all times mentioned herein, upon information and belief, Defendant GLEIBERMAN PROPERTIES, INC. was and is a foreign corporation domiciled in California and operating an apartment complex within Clark County, Nevada located at 6765 Tulip Falls Drive, Henderson, Nevada 89011 (the "Subject Premises").

3. At all times mentioned herein, upon information and belief, Defendant GLEIBERMAN INVESTMENTS, INC. was and is a foreign corporation domiciled in California and operating an apartment complex within Clark County, Nevada located at 6765 Tulip Falls Drive, Henderson, Nevada 89011 (the "Subject Premises").

1

4. All the facts and circumstances that give rise to the subject lawsuit occurred in the State of Nevada, County of Clark.

5. Pursuant to NRCP 10(a), the identities of the Defendants, DOES I through X and ROE CORPORATIONS I through X, are unknown at this time and may be individuals, partnerships, companies, corporations, or other entity, specifically contracted or tasked with the construction, maintenance, monitoring, and/or cleaning of the subject staircase located upon the Subject Premises. Plaintiff alleges each Defendant designated herein as DOE or ROE are responsible in some manner for the damages alleged herein. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

6. Specifically at the time of filing, Plaintiff contemplates Defendants DOES I - X to constitute agents, servants, employees, partners or joint venturers to Defendants and at all times mentioned herein acted either individually/separately or within the scope and course of said agency, employment, partnership or joint venture with knowledge, permission, and consent of all other Defendant(s), in so performing the actions that resulted in the events and happenings referred hereto, and which proximately caused injury and damage to Plaintiff as alleged herein. Upon information and belief, Defendants DOES I – X are individuals residing within the County of Clark, State of Nevada, and Plaintiff requests leave of the Court to substitute the names and identities of said DOE Defendants into this Complaint when their true identities become known. Plaintiff anticipates that such persons shall not be identified until the formal commencement of discovery in this matter.

7. Additionally at the time of filing, Plaintiff contemplates naming Defendants ROE CORPORATIONS I – X, subsidiary or other agent entities of Defendants and at all times mentioned herein acted either individually/separately or within the scope and course of said agency, employment, partnership or joint venture with knowledge, permission, and consent of all other Defendant(s), in so performing the actions that resulted in the events and happenings referred hereto, and which proximately caused injury and damage to Plaintiff as alleged herein. At the time of filing, Plaintiff is unaware of the specific corporate structure which incorporates the Defendants named herein and Defendants ROE CORPORATIONS I – X. Therefore, Plaintiff requests leave of

the Court to amend this Complaint to name the Defendant(s) specifically when their true identities become known. Plaintiff anticipates that such persons or entities shall not be known until the formal commencement of discovery in this matter.

8. On or about December 3, 2022, Plaintiff MELANIE JEFFERSON was a lawful patron upon the Subject Premises whereupon she rented and occupied Unit 233.

9. While attempting to ascend the staircase within her apartment, Plaintiff reached for the banister affixed to drywall for support.

10. The banister detached from the wall, causing Plaintiff to fall backwards onto her right foot.

11. This initial movement caused Plaintiff's right ankle to break and sustain significant injury.

12. Due to increased loss of balance as Plaintiff's right ankle broke, she attempted to steady herself on her left ankle but fell backwards and down the staircase.

13. This second movement caused Plaintiff's left ankle to roll and sustain significant injury.

14. As Plaintiff fell backwards down the staircase, Plaintiff attempted to grab a second banister to stop the fall.

15. By grabbing the second banister, Plaintiff sustained significant injury to her left shoulder.

## II. FIRST CAUSE OF ACTION

### (Negligence/Gross Negligence)

16. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as though fully set forth herein.

17. Defendant negligently failed to manage, maintain, inspect, control, and/or supervise the Subject Premises, thereby causing and/or allowing a dangerous condition to exist, which was not open and obvious to Plaintiff, thereby causing Plaintiff to sustain serious injury.

18. Defendant knew or should have known that an unsafe condition existed and should have taken precautions to warn and/or prevent Plaintiff from encountering said unsafe condition(s) or otherwise corrected the hazard, including remedying said hazard prior to Plaintiff's encounter with it.

3

19. As a result of Defendant's negligent and careless conduct to maintain the Subject Premises including but not limited to warning Plaintiff of the unsafe condition, Plaintiff received serious injuries.

20. Defendant failed to warn Plaintiff and/or provide any warnings to Plaintiff of the dangerous condition created and/or allowed to exist, by Defendant.

21. Plaintiff's injuries were directly and proximately caused by the negligent and careless conduct of Defendant by creating and/or allowing the dangerous condition to exist on the Subject Premises.

22. Alternatively, an agent or employee of the Defendant operating within the course and scope of the respective employment relationship and on Defendant's behalf failed to remedy the hazard while otherwise furthering the business interests of the Defendant, and each of them, thereby creating vicarious liability upon these named Defendant.

23. As a direct and proximate result of the December 3, 2022 incident and Defendant's negligence, Plaintiff sustained and suffered injuries and damages and will, in the future, suffer serious and disabling injuries, including but not limited to, surgery as well as injuries in and about the limbs, head and systems, both physical and mental, some and/or all of which may be permanent in nature, all to Plaintiff's damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

24. As a further direct and proximate result of all of the foregoing, said Plaintiff has been and will in the future be caused to expend sums of money for medical care and expenses incidental thereto, in an amount presently in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00). The total amount cannot be determined at this time inasmuch as the same is yet accruing.

25. As a further direct and proximate result of all of the foregoing, said Plaintiff has suffered, and will continue to suffer, emotional injury and discomfort, as well as financial detriment and economic loss, some and/or all of which may be permanent in nature, all to Plaintiff's damages in an amount in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

26. As a further direct and proximate result of the aforesaid negligence of the Defendants, and each of them, Plaintiff has been required to retain the services of an attorney to prosecute this claim on her behalf, and Plaintiff is therefore entitled to reasonable attorney's fees and costs incurred herein.

## III. SECOND CAUSE OF ACTION

### (Negligent Hiring, Training and/or Supervision)

27. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs as though fully set forth herein.

28. Defendant(s) knew, or should have known, that failure to hire, train, manage, supervise and/or control their agents and/or employees in the performance of care, maintenance, or repair to the subject apartment could lead to injury of patrons, including Plaintiff.

29. As a direct and proximate result of Defendants' acts or omissions, Plaintiff fell while ascending the staircase in her apartment, causing severe injuries to Plaintiff.

30. The employee(s) of the Defendant(s), operating within the course and scope of the respective employment relationship on Defendants' behalf, was or were hired without sufficient qualifications therefore and this was known to Defendant(s); did not receive reasonable training from Defendant(s); did not receive reasonable supervision in the performance of his/her employment duties; and/or Defendant(s) knew or should have known of the employee(s) dangerous propensities; by which Defendant failed to adequately engage in their employment functions, which act or omission thereby caused Plaintiff to sustain serious injury.

**WHEREFORE**, Plaintiff, expressly reserving the right to amend this complaint up to the time of the trial of the action herein to include all items of damage not yet ascertained, demands judgment against Defendants, and each of them, as follows:

1. Past General damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
2. Past Special Damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
3. Future General damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
4. Future Special Damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00);
5. Attorney's fees if and as provided by the Nevada Revised Statutes;
6. Costs of this action; and

///

7. For such other and further relief as the Court deems just and proper in this matter.

DATED this 18th day of November, 2024.

**ANGULO LAW GROUP, LLC**

_____
PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
JOSEPH R. SMITH, ESQ.
Nevada Bar No. 13961
5545 S. Mountain Vista St., 2nd Floor
Las Vegas, Nevada 89120
*Attorneys for Plaintiff*



# EXHIBIT B

Electronically Filed
12/6/2024 1:06 PM
Steven D. Grierson
CLERK OF THE COURT

IN THE EIGHTH JUDICIAL DISTRICT COURT
IN AND FOR THE COUNTY OF CLARK

MELANIE JEFFERSON,
        Plaintiff(s),
VS.
        CASE NO: A-24-906310-C
GLEIBERMAN PROPERTIES, INC,
        Defendant(s),

DECLARATION OF SERVICE

**Samantha Curl**, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the **SUMMONS; COMPLAINT** On 11/25/2024 and served the same on 11/25/2024 at 2:36 PM by delivery and leaving a copy with:

**Kris Kennison - Administration Assistant**, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of CORPORATION SERVICE COMPANY, registered agent for GLEIBERMAN PROPERTIES, INC, at the registered address of:

112 N Curry St, Carson City, NV 89703-4934

A description of Kris Kennison is as follows

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Blond | 51 - 55 | 5'1 - 5'6 | 201-220 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF WASHOE

Executed on: 11/26/2024
by Samantha Curl
Registration: R-2022-02620

No notary is required per NRS 53.045

X _____
Samantha Curl
Registration#: R-2022-02620
LEGAL WINGS INC
1118 Fremont St
Las Vegas, NV 891015406
(702) 384-0305




Order#: R187011 NVPRF411

Electronically Filed
12/6/2024 1:06 PM
Steven D. Grierson
CLERK OF THE COURT

IN THE EIGHTH JUDICIAL DISTRICT COURT
IN AND FOR THE COUNTY OF CLARK

MELANIE JEFFERSON,
        Plaintiff(s),

VS.                               CASE NO:   A-24-906310-C

GLEIBERMAN PROPERTIES, INC,
        Defendant(s),

DECLARATION OF SERVICE

**Samantha Curl**, being duly sworn says: That at all times herein Affiant was and is a citizen of the United States, over 18 years of age, and not a party to nor interested in the proceedings in which this Affidavit is made.

That Affiant received copy(ies) of the **SUMMONS; COMPLAINT** On 11/25/2024 and served the same on 11/25/2024 at 2:36 PM by delivery and leaving a copy with:

**Kris Kennison - Administration Assistant**, pursuant to NRS 14.020 as a person of suitable age and discretion, of the office of CORPORATION SERVICE COMPANY, registered agent for GLEIBERMAN INVESTMENTS, INC, at the registered address of:

112 N Curry St, Carson City, NV 89703-4934

A description of Kris Kennison is as follows

| Gender | Color of Skin/Race | Hair | Age | Height | Weight |
|---|---|---|---|---|---|
| Female | Caucasian | Blond | 51 - 55 | 5'1 - 5'6 | 201-220 Lbs |

Pursuant to NRS 239B.030 this document does not contain the social security number of any person.

Affiant does hereby affirm under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

STATE OF NEVADA
COUNTY OF WASHOE

Executed on: 11/26/2024
by Samantha Curl
Registration: R-2022-02620

No notary is required per NRS 53.045

X _____
Samantha Curl
Registration#: R-2022-02620
LEGAL WINGS INC
1118 Fremont St
Las Vegas, NV 891015406
(702) 384-0305




Order#: R187010 NVPRF411