PETER M. ANGULO, ESQ.
Nevada Bar No. 3672
JOSEPH R. SMITH, ESQ.
Nevada Bar No. 13961
**ANGULO LAW GROUP, LLC**
5545 Mountain Vista St., 2nd Floor
Las Vegas, Nevada 89120
*T:* 702.384.8000
*F:* 702.384.8200
*Attorneys for Plaintiff*

GREGORY J. SCHULMAN, ESQ.
Nevada Bar No. 5766
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Blvd., Ste. 400
Las Vegas, Nevada 89101
*T:* 702.366.0622
*F:* 702.366.0327
*Attorney for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

*********

| | |
|---|---|
| MELANIE JEFFERSON, individually,<br><br>Plaintiff,<br><br>vs.<br><br>GLEIBERMAN PROPERTIES, INC.;<br>GLEIBERMAN INVESTMENTS, INC.; DOES I-X and ROE CORPORATIONS I-X, inclusive.<br><br>Defendant(s). | Case No.:  2:24-CV-02346-GMN-EJY<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH LR 26-1(e)**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

1.  Meeting. Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(d), a meeting was held on February 19, 2025, and was attended by:

Joseph R. Smith, Esq. for plaintiff(s);

Greg Schulman, Esq. for defendant(s)

2.  Pre-Discovery Disclosures. Pursuant to Fed. R. Civ. P. Rule 26(a)(1), the parties will serve their initial disclosures, including any Computation(s) of Damages required pursuant to Fed. R. Civ. P. 26(a)(i)(A)(iii).

3. <u>Areas of Discovery.</u> The parties agree that the areas of discovery should include all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure.

4. Discovery Plan: The parties are requesting 12 months of discovery.

    a. **The parties' statement regarding the need for additional time to conduct discovery pursuant to LR 26-1.** The parties agree additional time for discovery is warranted because defense counsel currently has multiple trials set to go forward in 2025. Currently, defense counsel has trials in the Eighth Judicial District Court, Clark County, Nevada on trial stacks beginning on May 28, 2025, two trials on October 13, 2025 stacks, and four trials on November 17, 2025 stacks. Plaintiff's counsel has trials set in 2025 beginning on trial stacks beginning on June 23, 2025 (firm setting); August 4, 2025; two settings for October 13, 2025; and two settings for November 17, 2025.

Counsel for the parties acknowledge some of these cases may settle, however, defense counsel has high confidence its May 28, 2025 trial will be tried, as the parties were ready to try it in February, 2025, but due to other conflicts the trial was continued to the current date based on all parties' availability. Given this is during the period in which discovery would nearly completed in this case under the usual time guidelines, given the time needed to prepare for and try the case, additional time is anticipated to be needed to complete discovery in this case.

    b. The parties propose the following discovery plan:

| | | |
|---|---|---|
| 1. | **Discovery Cut-Off** | **November 19, 2025** |
| 2. | **Filing motions to amend** | **August 21, 2025** |
| 3. | **Initial expert disclosure** | **September 19, 2025** |
| 4. | **Rebuttal expert disclosure** | **October 20, 2025** |
| 5. | **Dispositive motions** | **December 19, 2025** |

    c. <u>Discovery Cut-Off Date</u>. Defendant first appeared in the case when the petition for removal was filed on December 16, 2024. The parties are requesting 9 months of discovery from the

date the case conference was held, which provides a discovery close date of **November 19, 2025**.

Amending the Pleadings and Adding Parties. The last day to file any motion(s) to amend pleadings or to add parties, which is ninety (90) days before the discovery cut-off deadline, shall be **August 21, 2025.**

  e. FRCP 26(A)(2) Disclosures (Experts).

  1. The last day to disclose initial expert witnesses, which is sixty (60) days before the discovery cut-off deadline, shall be **September 19, 2025.**

  2. The last day to disclose rebuttal expert witnesses, which is thirty (30) days after the deadline to disclose initial expert witnesses, shall be **October 20, 2025**.

  f. **Interim Status Report:** The parties shall file an interim status report by September 19, 2025, which is 60 days before the discovery cut-off date, as required by LR 26-3.

  g. Dispositive Motions. The last day to file any dispositive motions, which is thirty (30) days after the discovery cut-off deadline, shall be **December 19, 2025.**

  h. Pre-Trial Order. The Joint Pretrial Order shall be filed by **January 18, 2026,** which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline is suspended if dispositive motions are timely filed.

  5. Fed. R. Civ. P. 26(a)(3) Disclosures. Unless the discovery plan otherwise provided and the Court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the pretrial order.

  6. Extensions or Modifications of the Discovery Plan and Scheduling Order. LR 26-3 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the Discovery Plan and Scheduling Order must be made not later than 21 days before the subject deadline. Any stipulation or motion to extend the discovery cut-off deadline must be made no later than 21 days before the discovery cut-off date.

7.    <u>Court Conferences</u>. If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

8.    <u>Format of Discovery</u>. Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2006, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

139    <u>Alternative Dispute Resolution</u>. The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

10.    <u>Alternative Forms of Case Disposition</u>. The parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. §636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

11. <u>Electronic Evidence</u>. The parties certify that they may present evidence in electronic format to jurors for the purposes of jury deliberations in compliance with the Court's electronic jury evidence display system.

DATED this 21st day of February, 2025.   DATED this 21st day of February, 2025.

ANGULO LAW GROUP, LLC            THORNDAL ARMSTRONG, PC

 /s/ Joseph R. Smith                          /s/ Gregory M. Schulman
PETER M. ANGULO, ESQ.            GREGORY M. SCHULMAN, ESQ.
Nevada Bar No. 003672                Nevada Bar No. 005766
JOSEPH R. SMITH, ESQ.             600 S. Las Vegas Blvd., Suite 400
5545 S. Mountain Vista Street, Ste. F   Las Vegas, Nevada 89101
Las Vegas, Nevada 89120             Attorneys for Defendants
Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED.

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____

**Margaret Anthis**

| | |
|---|---|
| **From:** | Greg Schulman <gms@thorndal.com> |
| **Sent:** | Friday, February 21, 2025 10:39 AM |
| **To:** | Joseph Smith |
| **Cc:** | Margaret Anthis; Bonnie J. Hastings; Patti L. Pinotti |
| **Subject:** | RE: Jefferson v. Gleiberman Properties |

**CAUTION:** This email originated from outside of the organization. Be cautious when opening attachments or clicking links.

Joe:

This is fine. You can finalize the formatting, e-sign and submit to the court. Thank you.

**From:** Joseph Smith <jrs@angulolawgroup.com>
**Sent:** Friday, February 21, 2025 10:12 AM
**To:** Greg Schulman <gms@thorndal.com>
**Cc:** Margaret Anthis <manthis@angulolawgroup.com>; Bonnie J. Hastings <bjh@thorndal.com>; Patti L. Pinotti <plp@thorndal.com>
**Subject:** Re: Jefferson v. Gleiberman Properties

Greg,

I have added a few more to yours and some formatting:


--

JOSEPH ROBERT SMITH, ESQ.
Angulo Law Group, LLC
5545 S. Mountain Vista Street, Suite F
Las Vegas, Nevada 89120
P: 702.384.8000
F: 702.384.8200
E: jrs@angulolawgroup.com
**Confidentiality Note:** This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer. This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately.

AV®, AV Preeminent®, Martindale-Hubbell DistinguishedSM and Martindale-Hubbell NotableSM are Certification Marks used under license in accordance with the Martindale-Hubbell® certification procedures, standards and policies. Martindale-Hubbell® is the facilitator of a peer review rating process. Ratings reflect the anonymous opinions of members of the bar and the judiciary. Martindale-Hubbell® Peer Review RatingsTM fall into two categories - legal ability and general ethical standards.

1